# Ploss v. Ploss.

(Decided January 19, 1932.)

D. Y. LYTTLE and DOYLE, RUST & LYTTLE for appellant.

BLAKELY & MURPHY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

Relying upon cruel and inhuman treatment, and abandonment without making suitable provision for her support, Carrie Ploss brought this suit against her husband, William C. Ploss, for a divorce and alimony. The court allowed her attorneys a fee of $200, and awarded her $2,500 cash, and $15 a week. The husband appeals.

We think the facts sufficient to authorize an allowance of alimony, and shall proceed to determine whether the allowance was excessive. Appellee testified that appellant owns an automobile and two pieces of property: one in Crescent Springs of the value of $7,700, and the other in Erlanger of the value of $8,700. She admitted that just prior to the filing of her petition she and appellant transferred the Crescent Springs property to appellant's brother for borrowed money, and that there was a $5,000 mortgage on the property in Erlanger. Appellant testified that he did own the Crescent Springs property for which he paid $4,700, but that he and his wife transferred it to his brother for the sum of $4,000, which had been previously loaned to him, and that he

bought that property several years ago when property was high. He also testified that he owned another piece of property with a $5,000 mortgage on it, and that fore-closure proceedings had been instituted. Though claiming that this was all the property he owned, he testified that he turned over to his attorney $5,000 to pay him $1,600 for legal services, and to repay a loan of $3,200 to a friend of his in Kansas City. All that he knew was that the money was turned over to the attorney to look after the matter for him. That he owed his friend, or that the attorney actually paid his friend, is not supported either by the evidence of his friend or that of the attorney. In the circumstances, it is not an unreasonable inference that appellant still has about $3,000, if not more. However, we conclude that the cash allowance of $2,500, considered in the light of appellant's resources and ability to pay, is too high, and that in addition to the $15 a week the chancellor should have fixed the cash allowance at $1,000 instead of $2,500.

Considering the character and result of the services performed by appellee's attorneys, we cannot say that the fee allowed them is excessive.

As to the attorneys' fee, the judgment is affirmed. As to alimony, the judgment is reversed and cause remanded, with directions to enter judgment in conformity with this opinion.